Kevin G. Clarkson, Esq.
Matthew C. Clarkson, Esq.
Brena, Bell & Clarkson, P.C.
810 N Street, Suite 100
Anchorage, Alaska 99501
(907) 258-2000

Attorneys for Plaintiff, Cook Inlet Energy

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| COOK INLET ENERGY, LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CUDD PRESSURE CONTROL, INC., a Delaware corporation, and RPC, INC., a Delaware corporation,<br><br>　　　　　Defendants. | Case No. 3:13-cv-00062-JWS |

## SECOND AMENDED COMPLAINT AND REQUEST FOR DECLARATORY RELIEF

Plaintiff, Cook Inlet Energy, LLC, by and through its attorneys, Brena, Bell & Clarkson, P.C., for its complaint against Defendants, Cudd Pressure Control, Inc., and RPC, Inc., states and alleges as follows:

BRENA, BELL &
CLARKSON, P.C.
810 N STREET
SUITE 100
ANCHORAGE, AK 99501
(907) 258-2000

Second Amended Complaint
*Cook Inlet Energy v. Cudd and RPC*

May 14, 2014
Page 1 of 7

Case 3:13-cv-00062-JWS   Document 55   Filed 06/17/14   Page 1 of 7

## PARTIES/JURISDICTION/VENUE

1. Plaintiff, Cook Inlet Energy, LLC, is a limited liability company organized under the laws of the State of Alaska, having its principal place of business in Anchorage, Alaska. CIE is wholly owned by Miller Energy Resources, Inc. Miller is a corporation incorporated under the laws of the State of Tennessee, having its principal place of business in Huntsville, Tennessee. CIE is a resident of Tennessee and is competent to maintain this action.

2. Defendant, Cudd Pressure Control, Inc., is a corporation incorporated under the laws of the State of Delaware, having its principal place of business in Texas. Cudd contracted with CIE to provide and did provide equipment and services for the work-over of three wells on CIE's offshore Osprey Platform located in the Cook Inlet in Alaska. Cudd is a resident of the states of Delaware and Texas and is subject to the jurisdiction of this Court.

3. Defendant, RPC, Inc., is a corporation incorporated under the laws of the State of Delaware, having its principal place of business in Georgia. On information and belief, Cudd is wholly owned by RPC. CIE contracted with RPC to provide credit related to Cudd's provision of equipment and services for the work-over of three wells on CIE's offshore Osprey Platform located in the Cook Inlet in Alaska. RPC is a resident of the states of Delaware and Georgia and is subject to the jurisdiction of this Court.

4. This Court has jurisdiction over the subject matter of this action based upon diversity of citizenship under 28 U.S.C. § 1332(a). The amount in controversy between CIE and RPC and Cudd is in excess of $75,000.

5. Venue in this action is appropriate in the District of Alaska under 28 U.S.C. § 1391(b)(2).

BRENA, BELL & CLARKSON, P.C.
810 N STREET
SUITE 100
ANCHORAGE, AK 99501
(907) 258-2000

Second Amended Complaint
*Cook Inlet Energy v. Cudd and RPC*

May 14, 2014
Page 2 of 7

Case 3:13-cv-00062-JWS    Document 55    Filed 06/17/14    Page 2 of 7

## ALLEGATIONS COMMON TO ALL COUNTS

6. In 2011, CIE approached Cudd regarding a contract to provide equipment and services in Alaska at CIE's offshore Osprey Platform. CIE inquired of Cudd regarding the work-over of three wells on the Osprey Platform.

7. Cudd represented to CIE that it had the necessary equipment and personnel to perform the work-overs that CIE requested on its Alaska Platform within the time frames specified by CIE. RPC extended credit to CIE with respect to Cudd's provision of equipment and services for the work-overs.

8. CIE and Cudd entered into a Contract in or about February 2011. CIE executed a Credit Application and Agreement with Cudd and RPC on or about February 4, 2011.

9. CIE paid to mobilize the Cudd equipment to CIE's Osprey Platform and Cudd began work on the work-over of the three wells. The equipment that Cudd brought to the job did not meet CIE's needs and reasonable expectations, was inadequate to perform the work-overs on the three wells, and the personnel that Cudd brought to the job did not have the requisite experience and ability to perform the work as Cudd had represented, promised, and warranted to CIE. As a result, Cudd did not perform the contracted work consistent with its agreement, representations, and waranties with/to CIE. Further, CIE suffered damages in the form of extra costs and delays. CIE disputes that it is obligated to pay Cudd and/or RPC for the work Cudd performed. CIE is also entitled to an offset and to damages from Cudd for its losses incurred.

10. On March 21, 2013, Cudd sent a letter to CIE and Miller demanding payment from CIE of $1,888,766.14 for its work performed, and threatened future legal action if the demand was not paid (Exhibit A).

BRENA, BELL &
CLARKSON, P.C.
810 N STREET
SUITE 100
ANCHORAGE, AK 99501
(907) 258-2000

Second Amended Complaint
*Cook Inlet Energy v. Cudd and RPC*

May 14, 2014
Page 3 of 7

Case 3:13-cv-00062-JWS   Document 55   Filed 06/17/14   Page 3 of 7

11. Cudd and RPC are entitled to no compensation and/or no additional compensation under the Contract. Rather, as a direct result of Cudd's failure to perform and inadequate equipment and service, CIE has suffered damages. CIE seeks appropriate compensation from Cudd in this action in an amount to be proven at trial.

## COUNT 1

### CLAIM FOR DECLARATORY RELIEF AGAINST CUDD AND RPC

12. CIE restates the allegations of paragraphs 1-11.

13. CIE and Cudd/RPC have articulated to each other their respective positions regarding the work-over work that Cudd performed on CIE's three wells on the Osprey Platform, and their positions remain millions of dollars apart. Further, Cudd and RPC threatened legal action against CIE if CIE continues to refuse payment. There exists, therefore, a present and actual controversy between CIE and Cudd/RPC with respect to the claim by Cudd/RPC that it is entitled to payment of $1,888,766.14 under the Contract.

14. Pursuant to 28 U.S.C. §§ 2201 and 2202, CIE is entitled to a declaratory judgment establishing, between it and Cudd and RPC, that, under the terms of the Contract, CIE owes nothing more to Cudd and RPC and that Cudd and RPC are not entitled to any compensation and/or to any further compensation for work performed on CIE's Alaska Platform.

## COUNT 2

### BREACH OF CONTRACT

15. CIE restates the allegations of paragraphs 1-11.

16. Cudd owed CIE duties pursuant to the terms of its Contract with CIE.

17. Cudd breached its contractual duties to CIE.

BRENA, BELL &
CLARKSON, P.C.
810 N STREET
SUITE 100
ANCHORAGE, AK 99501
(907) 258-2000

Second Amended Complaint
*Cook Inlet Energy v. Cudd and RPC*

May 14, 2014
Page 4 of 7

Case 3:13-cv-00062-JWS   Document 55   Filed 06/17/14   Page 4 of 7

18. As a direct and proximate result of Cudd's breaches, CIE suffered damages, the exact nature and amount of which will be proven with particularity at trial, but, which in any event, exceed $75,000.

## COUNT 3

## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

19. CIE restates the allegations of paragraphs 1-11.

20. The Contract contained an implied covenant of good faith and fair dealing. This implied covenant obligated Cudd to deal with CIE in good faith and to treat CIE fairly throughout the formation and performance of the Contract.

21. Cudd breached its implied covenant to CIE.

22. As a direct and proximate result of Cudd's breach, CIE suffered damages, the exact nature and amount of which will be proven with particularity at trial, but which in any event exceed $75,000.

## COUNT 4

## NEGLIGENT MISREPRESENTATION

23. CIE restates the allegations of paragraphs 1-11.

24. Cudd owed CIE a duty to exercise reasonable care or competence in communicating with CIE in the course of forming and performing its contract with CIE.

25. Cudd reviewed CIE's specifications and time estimates for the requested work prior to contracting with CIE to perform the work-overs on the three CIE wells on the Osprey Platform. Cudd represented to CIE that its equipment and personnel were well-suited for the work and could

BRENA, BELL &
CLARKSON, P.C.
810 N STREET
SUITE 100
ANCHORAGE, AK 99501
(907) 258-2000

perform the work-overs of the three wells on CIE's Osprey Platform, and that Cudd could finish the jobs within the requirements, cost estimates, and time frames specified by CIE.

26. Cudd's representations to CIE on the above material issues were false.

27. Cudd breached its duty to CIE by negligently making the incorrect and false representations referenced above.

28. CIE justifiably relied upon Cudd's representations, to CIE's detriment.

29. As a direct and proximate result of Cudd's negligent misrepresentation, CIE suffered damages, the exact nature and amount of which will be proven with particularity at trial, but which in any event exceed $75,000.

## COUNT 5

### BREACH OF EXPRESS OR IMPLIED WARRANTY

30. CIE restates the allegations of paragraphs 1-11.

31. Cudd expressly and impliedly warranted to CIE that the rig it proposed to use to perform the work-overs on CIE's three wells on the Osprey Platform was fit for the purpose of performing the work-overs.

32. Cudd breached its express and implied warranties to CIE because its rig was not fit to perform the work-overs on CIE's three wells.

33. As a direct and proximate result of Cudd's negligent misrepresentation, CIE suffered damages, the exact nature and amount of which will be proven with particularity at trial, but which in any event exceed $75,000.

WHEREFORE, CIE demands a trial by jury on all issues so triable and prays for judgment in its favor against Cudd and RPC, as follows:

BRENA, BELL &
CLARKSON, P.C.
810 N STREET
SUITE 100
ANCHORAGE, AK 99501
(907) 258-2000

1. For a declaratory judgment establishing between it and Cudd and RPC that, under the terms of the Contract, CIE owes nothing and/or nothing more to Cudd and RPC.

2. For damages against Cudd as proven at trial.

3. For CIE's costs and attorneys' fees incurred in bringing this action as allowed by applicable law.

4. For prejudgment and post-judgment interest.

5. For such other and further relief as the Court may deem just and equitable.

DATED this 14th day of May, 2014.

BRENA, BELL & CLARKSON, P.C.
Attorneys for Plaintiff, Cook Inlet Energy, LLC

By _____
Kevin G. Clarkson, ABA No. 8511149
Matthew C. Clarkson, ABA No.1111077

*Certificate of Service*
The undersigned hereby certifies that on May 14, 2014, a copy of the foregoing document was e-mailed and mailed to the following parties of record:

*Attorneys for Defendants*
Daniel T. Quinn, Esq
Marc G. Wilhelm, Esq.
Richmond & Quinn
360 K Street, Suite 200
Anchorage, Alaska 99501
E-Mail: dquinn@richmondquinn.com
mwilhelm@richmondquinn.com

_____
Avonna L. Murfitt

BRENA, BELL & CLARKSON, P.C.
810 N STREET
SUITE 100
ANCHORAGE, AK 99501
(907) 258-2000

Second Amended Complaint
*Cook Inlet Energy v. Cudd and RPC*

May 14, 2014
Page 7 of 7

Case 3:13-cv-00062-JWS   Document 55   Filed 06/17/14   Page 7 of 7