# UNITED STATES DISTRICT COURT

# DISTRICT OF ALASKA

| | |
|---|---|
| **Cook Inlet Energy, LLC,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | 3:13-cv-062 JWS |
| vs. ) | |
| ) | |
| **Cudd Pressure Control, Inc.** ) | **ORDER AND OPINION** |
| **and RPC, Inc.** ) | |
| ) | |
| Defendants. ) | |
| ) | [Re: Motion at docket 69] |
| ) | |
| **Cudd Pressure Control, Inc.** ) | |
| ) | |
| Counter-Claimant, ) | |
| ) | |
| vs. ) | |
| ) | |
| **Cook Inlet Energy, LLC** ) | |
| ) | |
| Counter-Defendant. ) | |

## I. MOTION PRESENTED

At docket 69, plaintiff Cook Inlet Energy, LLC ("CIE") moves pursuant to Fed. R. Civ. P. Rule 15(a)(2) for leave to file its proposed Third Amended Complaint. A copy of the proposed Third Amended Complaint is at docket 69-1. A memorandum of law

supporting the motion is at docket 71. Defendant Cudd Pressure Control, Inc. ("Cudd") opposes the motion at docket 74. CIE replies at docket 85.

## II. BACKGROUND

CIE operates an offshore oil platform called the Osprey. In 2011, CIE contracted with Cudd to provide equipment and services for work-overs on three wells drilled from the Osprey. Cudd did so. CIE alleges that the equipment Cudd brought to the Osprey was inadequate and that the personnel Cudd employed lacked the ability to satisfactorily perform the work-overs. CIE alleges that these deficiencies caused CIE to incur extra costs and suffer delay.

In its First Amended Complaint,[1] CIE sought a declaration that CIE owes nothing more to Cudd. It also pled claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and negligent misrepresentation. The First Amended Complaint sought damages in excess of $75,000. Cudd's counterclaims set out claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment and sought damages in excess of $1,800,000.

CIE timely moved to file a Second Amended Complaint adding a claim that Cudd breached express and implied warranties. Cudd did not oppose the motion, and it was granted.[2] Now before the court is CIE's motion seeking leave to file a Third Amended Complaint.

---

[1] The First Amended Complaint was filed within the time established by Fed. R. Civ. P. 15(a)(1) for amendment as a matter of course without court approval.

[2] Order at doc. 54.

2

### III.  DISCUSSION

The Rule 16 scheduling order in this case set February 14, 2014, as the deadline for filing motions to amend.[3]  That deadline was later extended to May 14, 2014.[4]  While some other deadlines in the scheduling order have been extended, there has been no motion fo extend the deadline for motions to amend beyond May 14, 2014.

CIE relies on Fed. R. Civ. P. 15(a)(12) which provides that the district court "should freely give leave when justice so requires."   However, it is not Rule 15 which applies here, because the motion to amend is not timely under the Rule 16 scheduling order.  After a district court has filed a scheduling order setting a deadline for amending pleadings, the standards of Rule16(b) control.[5]  Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent."  "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."[6]  When a party seeking to modify a scheduling order is not diligent, the inquiry ends and the motion should not be granted.[7]  CIE did not move to amend the scheduling order, nor even include a discussion of the issue in the motion it did file.  As

---

[3]Order at doc. 20.

[4]Order at doc. 28.  It may be added that CIE filed its motion for leave to file the Second Amended Complaint on that very date.

[5]*Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 607-08 (9th Cir. 1992).

[6]*Id*. at 609.

[7]*Zikovic v. Southern Calif. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

3

a result, the court can find no basis for concluding CIE was sufficiently diligent to permit amending the scheduling order. The motion at docket 69 is therefore DENIED.

DATED this 4th day of June 2015.

                                            /S/
                            JOHN W. SEDWICK
                  UNITED STATES DISTRICT JUDGE